■   795 FIFTH AVENUE CORPORATION et al., Respondents, v. CITY OF NEW YORK et al., Appellants.— Order entered on September 27, 1960, denying defendant's motion to dismiss the complaint for insufficiency, unanimously reversed on the law, with $20 costs and disbursements to appellants, and the motion to dismiss the complaint granted, with $10 costs, with leave, however, in the exercise of discretion, to replead.   The letting of park property for restaurant purposes does not in and of itself constitute an improper use of such property (Gushee v. City of New York, 42 App. Div. 37; see, also, Williams v. Gallatin, 229 N. Y. 248, 254).   Since, under proper circumstances, the use of park property for restaurant purposes is permissible, it is incumbent upon the plaintiffs to set forth in their complaint facts showing in what respects it would be unlawful for the defendants to use park property for the particular purpose contemplated.   This complaint alleges that the use contemplated is "of a sort not constituting a valid park use"; that the erection of the restaurant "would be contrary to the purposes and trusts for and upon which

the said park was acquired and erected"; that it "would be an unlawful encroachment upon Central Park", and sets forth other allegations of like tenor. All of these allegations constitute merely broad conclusions of law. Facts should be pleaded which set forth why the restaurant contemplated is "of a sort not constituting a valid park use"; why its erection "would be contrary to the purposes and trusts upon which said park was acquired and erected", and why the restaurant "would be an unlawful encroachment upon Central Park". The complaint is totally deficient in this respect and therefore cannot withstand the attack addressed to its sufficiency. Our determination does not conflict with the cases relied on by the plaintiffs. The complaints in those cases either contained sufficient factual allegations to support their conclusions (see *Williams* v. *Hylan*, 223 App. Div. 48), or alleged a contemplated use of such extreme nature as to permit a finding, as a matter of law, that such use would be illegal (see, e.g., *Williams* v. *Gallatin, supra*). So, while the absence of factual allegations might not be fatal to a complaint seeking to prevent the construction of a department store in Central Park, the instant complaint seeking to enjoin the erection of a restaurant — such use already having been held not to be illegal per se — does not enjoy the same immunity. If, however, the requisite allegations of fact can be pleaded the complaint would not be beyond repair and we accordingly grant leave to replead. Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ.